IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>PEDRO S. NAVARETTE,<br><br>     Defendant. | **8:04CR535**<br><br>**ORDER** |

  This matter is before the court on counsel's motion to withdraw, Filing No. 133. The defendant moved for appointment of counsel in light of the retroactive holding in *Johnson v. United States*, 135 S. Ct. 2551(2015). Filing No. 130. The Federal Public Defender was appointed to determine whether the defendant qualified for federal habeas relief under 28 U.S.C. § 2255 in light of *Johnson*, and to present any petitions, motions or applications relating thereto to the Court for disposition. Filing No. 131, General Order No. 2016-07, *In Re Petitions Arising Under Johnson v. United States*, 135 S. Ct. 2551 (2015). Counsel has now moved to withdraw, asserting Johnson has no application to this case.

  In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another," as unconstitutionally vague. *Id.* at 2557. The ACCA sets a statutory minimum sentence for a felon with three or more prior convictions for a violent felony. 18 U.S.C. § 924(e). Under *Johnson*, imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process.

*Johnson*, 135 S. Ct. at 2563. The Supreme Court has also found *Johnson* is retroactive in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

The court has reviewed the record and finds *Johnson* has no application to this case. Pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Navarette entered a plea of guilty plea to Counts I, IV, VI, and VII of an indictment that charged: Count I, Conspiracy to Distribute or Possess with the intent to Distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine in violation of Title 21 U.S.C. § 846; Count IV, possession with intent to distribute 50 grams or more of mixture or substance containing a detectable amount of methamphetamine; Count VI, possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C§ 924(c); and Count VII, forfeiture. Filing No. 75, Judgment. He was sentenced to concurrent terms of imprisonment of 151 months on Counts I and IV and to the mandatory minimum of 60 months on Count VI, to be served consecutively to the underlying term. Filing No. 75, Judgment. Pursuant to a stipulation filed pursuant to Amendment 782 to the United States Sentencing Guidelines,[1] his sentence on the underlying drug crimes (Counts I and IV) was reduced to 135 months. Filing No. 129. His consecutive five-year sentence on the firearm count was not affected.

Navarette's sentence was not enhanced under the ACCA, nor did he receive a career offender enhancement under the United States Sentencing Guidelines, U.S.S.G.

---

[1] Amendment 782 is sometimes called the "drugs minus two" or the "2014 drug guidelines amendment"—it reduced offense levels assigned in the Drug Quantity Table by two levels, resulting in lower guideline ranges for many drug trafficking offenses. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (Nov. 1, 2014).

2

§ 4B1.1.  See Filing No. 77, Presentence Investigation Report (sealed) ("PSR") at 15-16.  His sentence for the underlying drug trafficking crime was based on a binding plea agreement under Fed. R. Civ. P. 11(c)(1)(C).  Filing No. 48, Plea Agreement at 3.  No definitions of "crimes of violence" were implicated and no prior conviction was used to enhance the defendant's sentence.  Therefore, the *Johnson* decision is inapplicable here.

Accordingly,

IT IS HEREBY ORDERED that:

1. Counsel's motion to withdraw (Filing No. 133) is granted.

DATED this 13th day of February, 2017.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge